IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

INDANEKWA HERRING                                       )
                                                        )
     Plaintiff,                                        )
                                                        )
     Vs.                                               )
                                                        )
CITY OF THOMASVILLE; GREG HOBBS,                        )
In his capacity as Mayor; TERRY SCOTT,                  )
In his capacity as Mayor-Pro Tem; CHERYL                )
PRESHA, in her capacity as a member of the City         )
Council of Thomasville; JAY FLOWERS, in his             )      CIVIL ACTION NO.:
capacity as a member of the City Council of             )
Thomasville; DAVID HUFSTETLER, in his                   )
capacity as a member of the City Council of             )
Thomasville; TODD MOBLEY, in his capacity               )
as a member of the City Council of Thomasville;         )
THOMASVILLE POLICE DEPARTMENT;                          )
TROY RICH, in his capacity as Chief of Police;          )
THOMAS COUNTY; JEREMY G. RICH,                          )
in his capacity as member of Thomas County              )
Board of Commissioners; MOSES L. GROSS,                 )
in his capacity as a member of Thomas County            )
Board of Commissioners; KENNETH E. HICKEY,              )
in his capacity as a member of Thomas County            )
Board of Commissioners; MARK NESMITH, in                )
his capacity as a member of Thomas County Board         )
of Commissioners; DONNIE L BAGGETT, in his              )
capacity as a member of Thomas County Board of          )
Commissioners; WILEY E. GRADY, in his                   )
capacity as a member of Thomas County Board of          )
Commissioners; PHILLIP V. BROWN, in his                 )
capacity as a member of Thomas County Board of          )
Commissioners; ZIPPY T. VONIER, in his                  )
capacity as a member of Thomas County Board of          )
Commissioners; THOMAS COUNTY SHERIFF'S                  )
OFFICE; R. CARLTON POWELL, in his capacity              )
as Sheriff; LEIGHTON KING, in his capacity as           )
Narcotics Officer of Thomas County Sheriff's            )
Office                                                  )
                                                        )
     Defendants.                                       )

## **COMPLAINT FOR DAMAGES AND ACTION IN EQUITY**

COMES NOW, INDANEKWA HERRING, and files her complaint by stating the following:

## **I.      INTRODUCTION**

This is an action seeking redress for injuries sustained during an encounter with members of The City of Thomasville's Police Department and Thomas County Sheriff's Office which resulted in injuries to Plaintiff Indanekwa Herring. This action also seeks redress for violation of rights guaranteed to Plaintiff pursuant to the Fourth, Eighth and Fourteenth Amendments of the U.S. Constitution. And 42 U.S.C. Section 1983.

## **NATURE OF ACTION**

### 1.

This is an action based on the denial of equal protection of the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Georgia.  This is also an action based upon the cruel and unusual punishment provision of the United States Constitution as provided for in the Eight Amendment. This action also seeks damages suffered by the Plaintiff.

### 2.

This action is also based upon the Fourteenth Amendment equal protection clause of the United States Constitution and the equal protection clause of the Georgia Constitution.

### 3.

This Court has jurisdiction of the matters contained herein and venue is proper.

## **II.  JURISDICTION**

### 4.

This Court has jurisdiction over the subject matter and parties herein.

5.

Jurisdiction is also invoked pursuant to 28 U.S.C. Section 1331, et seq. and 42 U.S.C. Sections 1983, 1985, and 1988.

6.

Plaintiff also invoke the pendant jurisdiction of this Court to consider claims which arise pursuant to Federal Laws.

## PARTIES

### THE PLAINTIFF

7.

Plaintiff Indanekwa Herring is an African American female and a citizen of the United States and a resident of the State of Georgia.

### THE DEFENDANTS

8.

The City of Thomasville, Georgia is a unit of government organized under the Municipal Code of the State of Georgia.

9.

The City Council consists of five members (named as Co-Defendants) who served as the governing body of the City of Thomasville.

10.

Defendant City of Thomasville, by and through its duly elected representatives and in their capacities as elected officials, specifically, Greg Hobbs Mayor; Terry Scott, City Council Member and Mayor Pro Tem; Cheryl Presha, City Council Member; Jay Flowers, City Council Member; David Hufstetler, City Council Member; and Todd Mobley, City Council Member.

11.

Defendant Greg Hobbs is the duly elected/ appointed mayor and is sued in his official capacity.  Defendant Hobbs may be served at 111 Victoria Place, Thomasville, Georgia 31792.

12.

Defendant Terry Scott is a duly elected member of the City Council who also serves as Mayor Pro-Tem and is sued in his official capacity.   Defendant Scott may be served at 111 Victoria Place, Thomasville, Georgia 31792.

13.

Defendant Cheryl Presha is a duly elected member of the City Council and is sued in her official capacity.  Defendant Presha may be served at 111 Victoria Place, Thomasville, Georgia 31792.

14.

Defendant Jay Flowers is a duly elected member of the City Council and is sued in his official capacity.  Defendant Flowers may be served at 111 Victoria Place, Thomasville, Georgia 31792.

15.

Defendant David Hufstetler is a duly elected member of the City Council and is sued in his official capacity.  Defendant Hufstetler may be served at 111 Victoria Place, Thomasville, Georgia 31792.

16.

Defendant Todd Mobley is a duly elected member of the City Council and is sued in his official capacity.  Defendant Mobley may be served at 111 Victoria Place, Thomasville, Georgia 31792.

17.

Defendant Troy Rich serves as Chief of Police for the City of Thomasville and is sued in his official capacity.  Defendant Rich may be served at 921 Smith Street, Thomasville, Georgia 31972.

18.

Defendant Thomas County is a political subdivision corporation organized pursuant to the laws of the State of Georgia.

19.

The Board of Commissioners consists of eight members (named as Co-Defendants) who serve as the governing body for Thomas County, specifically:  Jeremy G. Rich, Moses L. Gross, Kenneth E. Hickey, Mark NeSmith, Donnie L. Baggett, Wiley E. Grady, Phillip V. Brown, Zippy T. Vonier.

20.

Defendant Jeremy G. Rich serves as a member of the Board of Commissioners for Thomas County and is sued in his official capacity.  Defendant Rich may be served at 11 W. Jefferson Street, Thomasville, Georgia 31792.

21.

Defendant Moses L. Gross serves as a member of the Board of Commissioners for Thomas County and is sued in his official capacity. Defendant Gross may be served at 414 Campbell Street, Thomasville, Georgia 31792.

22.

Defendant Kenneth E. Hickey serves as a member of the Board of Commissioners for Thomas County and is sued in his official capacity. Defendant Hickey may be served at 1542 Rose Garden Road, Meigs, Georgia 31765.

23.

Defendant Mark NeSmith serves as a member of the Board of Commissioners for Thomas County and is sued in his official capacity. Defendant NeSmith may be served at 1341 Dillion Road, Thomasville, Georgia 31757.

24.

Defendant Donnie L. Baggett serves as a member of the Board of Commissioners for Thomas County and is sued in his official capacity. Defendant Baggett may be served at 105 Legion Road, Boston, Georgia 31626.

25.

Defendant Wiley E. Grady serves as a member of the Board of Commissioners for Thomas County and is sued in his official capacity. Defendant Grady may be served at 422 Myrtle Drive, Thomasville, Georgia 31792.

26.

Defendant Phillip V. Brown serves as a member of the Board of Commissioners for Thomas County and is sued in his official capacity. Defendant Brown may be served at 1309 Orange Street, Thomasville, Georgia 31792

27.

Defendant Zippy T. Vonier serves as a member of the Board of Commissioners for Thomas County and is sued in his official capacity. Defendant Vonier may be served at 146 Saddlebrook Plantation, Thomasville, Georgia 31792.

28.

Defendant R. Carlton Powell is sued in his capacity as Sheriff of the Thomas County Sheriff's Department and may be served at 921 Smith Avenue, Thomasville, Georgia 31792.

29.

Defendant Leighton King is sued in his capacity as Narcotics Officer of the Thomas County Sheriff's Department and may be served at 921 Smith Avenue, Thomasville, Georgia 31792.

30.

The Plaintiff is a resident of Thomas County, Georgia.

31.

Venue is proper in this court.

*COUNT I*

**UNCONSTITUTIONAL USE OF EXCESSIVE FORCE**

32.

On or about July 9, 2017, the Plaintiff, Indanekwa Herring, was a passenger in an automobile driven by Daishamon Kimmons.

33.

Kimmons was operating her vehicle on or near Martin Luther King, Jr. Drive in the city of Thomasville and members of the Thomasville/Thomas County Narcotics Office forced the vehicle driven by Kimmons to stop by crashing in to the vehicle operated by Kimmons.

34.

At the time of the incident members of the Thomasville/Thomas County Narcotics Office were allegedly in pursuit of Kimmons.

35.

At the time of the incident, said officers knew that Plaintiff was in the car and without regard for her safety, struck Kimmons' vehicle.

36

As a result of the crash, the car in which Herring was riding was overturned and Herring was ejected from the car.

37.

Herring sustained significant injuries as a result of the activities of the Defendants which required medical treatment.

38.

Despite Herring's injuries, she was arrested and incarcerated in the Thomas County Jail.

39.

At all times relevant to this Complaint, members of the City of Thomasville Police Department and Thomas County Sheriff's Department were acting under the color of state law and in their official capacities as officers of said departments/offices.

40.

Under the Fourth and Fourteenth Amendments of the United States Constitution Defendant, The City of Thomasville Police Department and the Thomas County Sheriff's Office were prohibited from using excessive force in their efforts to search, detain or seize Plaintiff. In addition, under the Fourth Amendment Defendant, City of Thomasville Police Department was prohibited from illegally arresting Plaintiff Indanekwa Herring without probable cause to do so.

41.

The actions of the Defendants in its use of a motor vehicle constituted excessive and unlawful force in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments and under the guarantees set out in 42 U.S.C. 1983.

42.

Herring sustained significant injuries to her back, head, neck and rib cage.

43.

The force used by Defendants were unreasonable, excessive and without lawful justification or excuse.  Defendants had no reason to execute an arrest of Plaintiff nor violently use force to effect the arrest.  Defendants were aware that they violated clearly established rights provided to Plaintiff in the United States Constitution.

44.

The actions of Defendants, as alleged herein, constituted excessive and unlawful force in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments and under the guarantees set out in 42 U.S.C. § 1983.   Defendants took these unlawful and unconstitutional actions in connection with the pursuit and stop of the vehicle in which Plaintiff was riding, and these actions include, without limitation,

(a)     the unjustified ramming and crashing of the Plaintiff, and

(b)     the illegal arrest of the Plaintiff.

45.

 As a direct and proximate result of Defendants' unlawful and unconstitutional conduct, Plaintiff suffered personal and emotional injury.

46.

Defendants' actions did not meet the requirements of the Thomas County Sheriff's Department's or the City of Thomasville's written policy on the use of force.

47.

Defendants' actions as alleged herein were intentional, malicious, willful and wanton and/ or in reckless disregard for Plaintiff's constitutionally protected rights, thereby entitling Plaintiff to an award of punitive damages.

WHEREFORE, the Plaintiff pray as follows:

a)      For a declaratory judgment that the policies, practices and acts complained of are in violation of the laws of the State of Georgia;

b)      That the Plaintiff be awarded damages in excess of two hundred fifty thousand dollars ($250,000.00);

c)      That the Plaintiff be awarded punitive damages in excess of one hundred thousand dollars ($100,000.00).

d)      That the Plaintiff be granted a jury trial; and

e)      Any other relief as this Court may deem just and proper.

## *COUNT II*

## UNCONSTITUTIONAL CUSTOM OR PATTERN OF USE OF EXCESSIVE FORCE

48.

Plaintiff hereby reallege and incorporates by reference paragraphs 1 through 47 of her Complaint as fully stated herein.

49.

Under the Fourth and Fourteenth Amendments to the United States Constitution, Defendants were prohibited from allowing its deputies to engage in a pattern, practice, policy or

custom of violating citizens' constitutional rights and was obligated to train its law enforcement officers in the proper use of force.

50.

As alleged herein, Defendants have engaged in a pattern, practice, policy or custom of allowing its deputies and police officers to use excessive and unlawful force in allowing officers to use an automobile in a manner which caused a Plaintiff serious injury.

51.

Upon information and belief, deputies with Defendants have been allowed to use excessive and unlawful force upon citizens without proper supervision or consequence, including in connection with the excessive and unlawful use of combative force.

52.

Defendants' pattern, practice, policy or custom of violating citizens' constitutional rights was the direct and proximate cause of Plaintiff's injuries.

53.

Defendants have ratified similar improper and reckless actions many times in the past. Defendants have been sued multiple times for the excessive behaviors of the officers.  More specifically, the ramming of Mr. Kimmons' car by Defendant King who clearly acknowledged the passenger was in the car and in imminent danger.

54.

As a direct and proximate result of the afore-described unlawful and malicious physical abuse of Plaintiff by Defendants, committed under color of law, Plaintiff suffered grievous bodily harm and was deprived of her right to be secure in her person, against unreasonable

seizure of her person and the use of excessive force, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.

55.

As a direct and proximate result of the malicious and outrageous conduct of Defendants, Plaintiff suffered injuries and damages including emotional harm, ongoing pain and suffering.

56.

As a direct and proximate result of Defendants' unlawful and unconstitutional conduct Plaintiff suffered and continues to suffer substantial damages in excess of $10,000 and in an amount to be proved at trial.

57.

If Plaintiff prevails, she is entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. 1988.

WHEREFORE, the Plaintiff pray as follows:

a)      For a declaratory judgment that the policies, practices and acts complained of are in violation of the laws of the State of Georgia;

b)      That the Plaintiff be awarded damages in excess of two hundred fifty thousand dollars ($250,000.00);

c)      That the Plaintiff be awarded punitive damages in excess of one hundred thousand dollars ($100,000.00).

d)      That the Plaintiff be granted a jury trial; and

e)      Any other relief as this Court may deem just and proper.

## **COUNT III**

## **FALSE ARREST**

58.

Plaintiff hereby realllege and incorporates by reference paragraphs 1 through 57 of her Complaint as fully stated herein.

59.

On July 10, 2017, Plaintiff was detained and deprived of her liberty by an officer with the Thomas County Sheriff's Department.

60.

The arrest and detention of Plaintiff was without legal or factual justification.

WHEREFORE, the Plaintiff pray as follows:

a)      For a declaratory judgment that the policies, practices and acts complained of are in violation of the laws of the State of Georgia;

b)      That the Plaintiff be awarded damages in excess of two hundred fifty thousand dollars ($250,000.00);

c)      That the Plaintiff be awarded punitive damages in excess of one hundred thousand dollars ($100,000.00).

d)      That the Plaintiff be granted a jury trial; and

e)      Any other relief as this Court may deem just and proper.

## **COUNT IV**

## **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

61.

Plaintiff hereby realllege and incorporates by reference paragraphs 1 through 59 of her Complaint as fully stated herein.

62.

As stated above, the actions of Defendant King, who is an agents/employee of Thomas County Sheriff's Department in connection with the aforementioned events of July 10, 2017 constitute intentional infliction of emotional distress for which plaintiff may recover against Defendants.

WHEREFORE, the Plaintiff pray as follows:

a)      For a declaratory judgment that the policies, practices and acts complained of are in violation of the laws of the State of Georgia;

b)      That the Plaintiff be awarded damages in excess of two hundred fifty thousand dollars ($250,000.00);

c)      That the Plaintiff be awarded punitive damages in excess of one hundred thousand dollars ($100,000.00).

d)      That the Plaintiff be granted a jury trial; and

e)      Any other relief as this Court may deem just and proper.

## COUNT V

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

63.

Plaintiff hereby reallege and incorporates by reference paragraphs 1 through 62 of her Complaint as fully stated herein.

64.

The actions of the Defendants in connection with the above-referenced series of events constitute the negligent infliction of emotional distress upon the Plaintiff herein.

WHEREFORE, the Plaintiff pray as follows:

a)   For a declaratory judgment that the policies, practices and acts complained of are in violation of the laws of the State of Georgia;

b)   That the Plaintiff be awarded damages in excess of two hundred fifty thousand dollars ($250,000.00);

c)   That the Plaintiff be awarded punitive damages in excess of one hundred thousand dollars ($100,000.00).

d)   That the Plaintiff be granted a jury trial; and

e)   Any other relief as this Court may deem just and proper.

## COUNT VI

## PERSONAL INJURIES

### 65.

Plaintiff hereby reallege and incorporates by reference paragraphs 1 through 64 of her Complaint as fully stated herein.

### 66.

As a direct and proximate result of the negligence and negligence per se of the Defendants, the Plaintiff was physically injured. Plaintiff has experience pain and suffering as a result of said injuries. Further, the Plaintiff has been hindered from going about her regular daily activities.

### 67.

As a result of the actions of Defendant King, the Plaintiff sustained three fractured vertebrae, broken ribs, permanent scarring, neck pain and back pain for which she required medical treatment.

### 68.

As a direct and proximate result of Defendants' negligence as state above Plaintiff has suffered and may continue to suffer physical pain and suffering, a loss of enjoyment of life.

69.

By reason of the foregoing, the Plaintiff is entitled to recover past, present, and future compensatory damages from the Defendants in such an amount as may be shown by the evidence and as may be determined by the enlightened conscience of a fair-minded jury.

WHEREFORE, the Plaintiff pray as follows:

a)      For a declaratory judgment that the policies, practices and acts complained of are in violation of the laws of the State of Georgia;

b)      That the Plaintiff be awarded damages in excess of two hundred fifty thousand dollars ($250,000.00);

c)      That the Plaintiff be awarded punitive damages in excess of one hundred thousand dollars ($100,000.00).

d)      That the Plaintiff be granted a jury trial; and

e)      Any other relief as this Court may deem just and proper.

## COUNT VII

## INTENTIONAL INFLICTION OF HARM

70.

Plaintiff hereby reallege and incorporates by reference paragraphs 1 through 69 of her Complaint as fully stated herein.

71.

 The Plaintiff has suffered stress and emotional harm as a result of the actions of the above-named Defendants.

72.

Plaintiff suffered nights of sleeplessness and feared losing her employment.

73.

The physical harm suffered by Plaintiff was three fractured vertebrae, broken ribs, permanent scarring, neck pain and back pain for which she required medical treatment.

74.

The Plaintiff was ridiculed by onlookers and the Defendants.

WHEREFORE, the Plaintiff pray as follows:

a)      For a declaratory judgment that the policies, practices and acts complained of are in violation of the laws of the State of Georgia;

b)      That the Plaintiff be awarded damages in excess of two hundred fifty thousand dollars ($250,000.00);

c)      That the Plaintiff be awarded punitive damages in excess of one hundred thousand dollars ($100,000.00).

d)      That the Plaintiff be granted a jury trial; and

e)      Any other relief as this Court may deem just and proper.

## **COUNT VIII**

## **DEPRAVATION OF CIVIL AND CONSTITUTIONAL RIGHTS**

75.

Plaintiff hereby reallege and incorporates by reference paragraphs 1 through 74 of her Complaint as fully stated herein.

76.

At all times relevant hereto Defendants Narcotics Officers were officers of the law employed by Defendants Thomas County and/or Thomas County Sheriff's Department.

77.

At the time of the incident here involved, the Narcotics Officers were acting under color of law and within the scope of their employment.

78.

The Plaintiff was accosted and arrested by members of the Thomas County Sheriff's Department and City of Thomasville Police without probable cause or a warrant.

79.

The Plaintiff's arrest by the Defendants was illegal as she was detained in the Thomas County Jail and subsequently released.

80.

The actions of the Defendants herein constitute a deprivation of the Plaintiff's civil and constitutional rights and are in violation of 42 U.S.C. Sections 1983 and 1985.

WHEREFORE, the Plaintiff pray as follows:

a)      For a declaratory judgment that the policies, practices and acts complained of are in violation of the laws of the State of Georgia;

b)      That the Plaintiff be awarded damages in excess of two hundred fifty thousand dollars ($250,000.00);

c)      That the Plaintiff be awarded punitive damages in excess of one hundred thousand dollars ($100,000.00).

d)      That the Plaintiff be granted a jury trial; and

e)      Any other relief as this Court may deem just and proper.

## COUNT IX

## NEGLIGENT HIRING AND TRAINING

81.

Plaintiff hereby reallege and incorporates by reference paragraphs 1 through 80 of her Complaint as fully stated herein.

82.

The Thomas County Sheriff's Department and Sheriff R. Carlton Powell was negligent in hiring and training Defendant King.

83.

The Thomas County Sheriff's Department and Sheriff R. Carlton Powell under the authority of law owed a duty to Plaintiff to ensure her safety and well-being while in and under their control and authority.

84.

The Thomas County Sheriff's Department and Sheriff R. Carlton Powell failed to properly supervise and train its officers. The Thomas County Sheriff's Department and Sheriff R. Carlton Powell also negligently hired an officer that they knew or should have known was violent and aggressive.

85.

The Thomas County Sheriff's Department and Sheriff R. Carlton Powell at all times relevant had procedures and policies that allowed deputies to discharge a taser without proper training.  The aforementioned policies and procedures caused Plaintiff to be deprived of rights secured by the United States Constitution, the Georgia Constitution, and other laws of Georgia.

86.

The Thomas County Sheriff's Department and Sheriff R. Carlton Powell's policies and procedures fostered the environment that allowed its officers to assault, batter, and threaten the Plaintiff.

87.

The Thomas County Sheriff's Department and Sheriff R. Carlton Powell's negligent hiring, failure to properly train and supervise the Plaintiff deprived the Plaintiff of her rights guaranteed by the Constitution and state laws. The Defendants acted with reckless and grave indifference to the impact and consequences of her action within the meaning of 42 U.S.C. §1983, et seq., and Eighth Amendment.

88.

The Plaintiff seeks damages to compensate him for the injuries sustained due to the violation of her Constitutional and civil rights.

89.

Plaintiff seeks compensation for her pain and suffering emotional distress, actual pain, and personal humiliation during and after the excessive force against her.

WHEREFORE, the Plaintiff pray as follows:

a)      For a declaratory judgment that the policies, practices and acts complained of are in violation of the laws of the State of Georgia;

b)      That the Plaintiff be awarded damages in excess of two hundred fifty thousand dollars ($250,000.00);

c)      That the Plaintiff be awarded punitive damages in excess of one hundred thousand dollars ($100,000.00).

d)      That the Plaintiff be granted a jury trial; and

e)      Any other relief as this Court may deem just and proper.

## COUNT X

## DAMAGE TO REPUTATION

90.

Plaintiff hereby reallege and incorporates by reference paragraphs 1 through 89 of her Complaint as fully stated herein.

91.

The events which transpired on or about July 10, 2017 all occurred within the public view and were witnessed by several members of the Thomas County community.

92.

The Plaintiff's reputation prior to this incident was excellent in the Thomas County community and was viewed favorably by those who knew her.

93.

The actions of the Defendants have caused Plaintiff to endure a severe stigma on her personal and professional reputation in the eyes of her professional peers, the general geographical community of which Plaintiff has been regarded heretofore as an outstanding member.

WHEREFORE, the Plaintiff pray as follows:

a)      For a declaratory judgment that the policies, practices and acts complained of are in violation of the laws of the State of Georgia;

b)      That the Plaintiff be awarded damages in excess of two hundred fifty thousand dollars ($250,000.00);

c)      That the Plaintiff be awarded punitive damages in excess of one hundred thousand dollars ($100,000.00).

d)      That the Plaintiff be granted a jury trial; and

e)      Any other relief as this Court may deem just and proper.

## COUNT XI

## PUNITIVE DAMAGES

94.

Plaintiff hereby reallege and incorporates by reference paragraphs 1 through 93 of her Complaint as fully stated herein.

95.

Defendants' conduct constitutes willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the entire presumption of conscious indifference to consequences. Therefore, punitive damages should be assessed against Defendants in order to penalize, punish, or deter them.

WHEREFORE, the Plaintiff pray as follows:

a)      For a declaratory judgment that the policies, practices and acts complained of are in violation of the laws of the State of Georgia;

b)      That the Plaintiff be awarded damages in excess of two hundred fifty thousand dollars ($250,000.00);

c)      That the Plaintiff be awarded punitive damages in excess of one hundred thousand dollars ($100,000.00).

d)      That the Plaintiff be granted a jury trial; and

e)      Any other relief as this Court may deem just and proper.

## COUNT XV

## ATTORNEY'S FEES

96.

Plaintiff reallege and incorporate by reference paragraphs 1 through 95 of her Complaint as fully stated herein.

97.

The Plaintiff herein was required to retain counsel to represented him in order to protect her rights.

98.

Pursuant to 42 U.S.C. § 1988, the Plaintiff is entitled to reasonable attorney's fees and costs associated with bringing this action.

WHEREFORE, Plaintiff pray as follows:

a)      That process issue and service be had on the Defendants;

b)      That judgment be granted in favor of the Plaintiff against the Defendants for the personal injuries;

c)      That the Plaintiff be awarded damages for her loss of earning and reduction of other earning capacity in such an amount as may be proven at trial;

d)      For general damages in excess of Two Hundred Fifty Thousand Dollars ($250,000.00) from Defendants jointly and severally;

e)      For punitive damages in an amount in excess of Two Hundred Fifty Thousand Dollars ($250,000.00) from Defendants;

f)      That a jury trial be had on all triable issues;

g)      That Plaintiff recovers the costs of this action;

h)      That the Plaintiff be granted a permanent injunction preventing the Defendants, and those acting in consort with the Defendants from violating the Plaintiff's civil rights.

i)      That this Court award the costs of this action, including reasonable attorney's fees and such equitable relief as this Court might deem just and proper;

j)      For such other and further relief as this Court may deem just and proper.

Respectfully submitted, this 3rd day of July, 2019.

**s/Roy W. Copeland**
Nathaniel Haugabrook, II
State Bar No. 337970
Roy W. Copeland
State Bar No. 186830
Attorney for Plaintiff
Copeland, Haugabrook & Walker
P. O. Box 1810
Valdosta, GA 31603
Telephone: (229) 247-4617
Fax: (229) 242-0109
Email:  cwlaw02@bellsouth.net
